UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Sumrell<br><br>    Plaintiff,<br><br>v.<br><br>Stellar Recovery, Inc.<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Robert Sumrell, ("Robert"), is a natural person who resided in Chicago, Illinois, at all times relevant to this action.

2. Defendant, Stellar Recovery, Inc., ("SR"), is a Florida Corporation that maintained its principal place of business in Jacksonville, Florida, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. SR uses a predictive dialer system.

6. Before SR began contacting Robert, it and Robert had no prior business relationship and Robert had never provided express consent to SR to be contacted on his cellular telephone.

7. SR regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of SR's revenue is debt collection.

9. SR is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, SR contacted Robert to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Robert is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, SR willingly and knowingly used an automatic telephone dialing system to call Robert on his cellular phone multiple times in violation of the TCPA.

14. Within the past twelve months, SR began calling Robert on Robert's cellular telephone in connection with the collection of the debt.

15. Shortly after the phone calls began, Robert notified SR that Robert did not have the money to pay the debt and communicated his desire that SR cease calling him.

16. Despite this communication, SR continued to call Robert on Robert's cellular telephone in connection with the collection of the debt.

17. On multiple occasions, Robert notified SR that Robert did not have the money to pay the debt and communicated his desire that SR cease calling him.

18. On at least one occasion, SR threatened Robert with court.

19. SR has not taken Robert to court.

20. SR never intended to take Robert to court.

21. SR caused Robert emotional distress.

22. SR attempted to collect a debt from Robert.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 22 above as if fully set forth herein.

24. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 22 above as if fully set forth herein.

26. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 22 above as if fully set forth herein.

28. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

29. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 22 above as if fully set forth herein.

30. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's prior express consent.

### JURY DEMAND

31. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

32. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

                                        RESPECTFULLY SUBMITTED,

                                        Hyslip & Taylor, LLC LPA

                                        By:   /s/ Jeffrey S. Hyslip
                                        One of Plaintiff's Attorneys

Date: June 29, 2015

Jeffrey S. Hyslip, Esq.
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com

5